D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REGINALD MIMMS,

           Petitioner,

-against-

UNITED STATES OF AMERICA,

           Respondent.
------------------------------------------------------------X

**ORDER**

**09-CV-5508 (NGG)**

**10-CV-0242 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Petitioner Reginald Mimms, who is currently detained at the Metropolitan Detention Center in Brooklyn, New York, has two petitions pending before this court: a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("the 2241 Petition"), and a petition for a writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651(a) ("the 1651 Petition"). Although the two petitions are brought under different statutes, the substance of both petitions is the same. Therefore, it will be expedient for the court to address both simultaneously.

## I. BACKGROUND

Petitioner was convicted in the United States District Court for the Western District of Virginia of various crimes related to drug trafficking and firearms. See United States v. Mimms, 99-CR-48 (JCT), 00-CR-22 (JCT) (W.D. Va.). On October 19, 2000, Petitioner was sentenced to 181 months of imprisonment. This sentence included 60 months for a violation of 18 U.S.C § 924(c), to be served consecutively to the 121-month sentence he received for all the other counts. Petitioner argues that the 60-month sentence under § 924(c) should run concurrently rather than consecutively, citing a 2008 decision by the Second Circuit. See United States v. Whitley, 529

F.3d 150 (2d Cir. 2008). This argument is the basis for both the 2241 Petition and the 1651 Petition.

Petitioner has previously petitioned for a writ of audita querela in the Western District of Virginia on the same basis. In denying the petition, Judge James C. Turk noted that the Second Circuit decision in Whitley – upon which Petitioner rests his argument – directly contradicts Fourth Circuit precedent, the controlling law in the district of conviction. See United States v. Studifin, 240 F.3d 415, 423-24 (4th Cir. 2001). He also noted that Petitioner had expressly objected to having the court construe his petition as a habeas petition under 28 U.S.C. § 2255.

## II. DISCUSSION

### A. 2241 Petition

Although § 2241 permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), as a general rule, federal prisoners challenging their sentences must proceed under § 2255, rather than § 2241, unless § 2255 would be "inadequate or ineffective to test the legality of [the] detention." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004). Petitions under § 2255 must be made in the "court which imposed the sentence." 28 U.S.C. § 2255. Since there is no reason to believe that § 2255 is an inadequate means for Petitioner to challenge his sentence in this case, this court does not have jurisdiction to entertain the 2241 Petition. Furthermore, it would serve no useful purpose to recharacterize the 2241 Petition as a motion under § 2255 and transfer it to the Western District of Virginia. That court has already considered and rejected the precise argument made in the 2241 Petition. Accordingly, Petitioner's 2241 Petition is denied.

### B. 1651 Petition

While the writ of audita querela has been abolished in civil cases, see Fed. R. Civ. P. 60(e), the writ may be available in criminal cases to fill the gaps in the available post-conviction relief. See United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (observing that the writ is likely available where there is a legal objection to a conviction that arises after the conviction and redress is unavailable through other post-conviction remedies). Even where the writ is available, however, the All Writs Act does not provide an independent basis of subject matter jurisdiction. See 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.") (emphasis added). Rather, the Act "merely provides a tool courts need in cases over which jurisdiction is conferred by some other source." United States v. Tablie, 166 F.3d 505, 506-07 (2d Cir. 1999). Thus, the All Writs Act does not confer jurisdiction on this court to decide the 1651 Petition. As discussed above, the only court that has jurisdiction to decide Petitioner's challenge to his sentence is the Western District of Virginia, and that court has already refused to grant the requested writ. Accordingly, Petitioner's 1651 Petition is denied.

### III. CONCLUSION

For the reasons set forth above, both the 2241 Petition and 1651 Petition are DENIED.
SO ORDERED.

|  |  |
|---|---|
| Dated: Brooklyn, New York<br>April 12, 2010 | s/Nicholas G. Garaufis<br>NICHOLAS G. GARAUFIS<br>United States District Judge |